USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - v. -

WILKINS ESTRELLA,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:   CONSENT PRELIMINARY ORDER
:   OF FORFEITURE/
:   MONEY JUDGMENT
:
:   25 Cr. 136 (GHW)
:
:

WHEREAS, on or about March 28, 2025, WILKINS ESTRELLA (the "Defendant"), was charged in an Information, 25 Cr. 136 (GHW) (the "Information"), with wrongful disclosure of individually identifiable health information, in violation of Title 42, United States Code, Sections 1320d-6(a)(1)-(3) and 1320d-6(b)(3) and Title 18, United States Code, Section 2 (Count One); and conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States Code, pursuant to Title 18, United States Code Section 982(a)(7), and Title 18, United States Code Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds obtain directly or indirectly as a result of the offenses including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about August 6, 2025, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code,

Section 982 (a)(7), of any and all property real personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and pursuant to Title 18, United States Code, Section 982(a)(2)(A) of any and all proceeds constituting or derived from, proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money equal to $951,618.20 in United States currency representing property which represents or is traceable to gross receipts obtained as a result of the offense and proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $951,618.20 in United States currency representing the amount of proceeds traceable the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendant, CHARLENE MARTE (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Jane Chong, of counsel, and the Defendant and his counsel, Alberto Ebanks, Esq., that:

1.     As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $951,618.20

in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-defendant, to the extent a forfeiture money judgment is entered against the Co-Defendant in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____              11/25/2025
      JANE CHONG                          DATE
      Assistant United States Attorney
      26 Federal Plaza
      New York, NY 10278
      (212) 637-2263

WILKINS ESTRELLA

By: _____              12/1/25
      WILKINS ESTRELLA               DATE

By: _____              12/1/25
      ALBERTO EBANKS, ESQ.           DATE
      Attorney for Defendant
      20 Vesey Street
      New York, NY 10007

SO ORDERED:

_____                December 1, 2025
HONORABLE GREGORY H. WOODS      DATE
UNITED STATES DISTRICT JUDGE